UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


WEST VIRGINIA HIGHLANDS
CONSERVANCY, INC. and
WEST VIRGINIA RIVERS
COALITION, INC.,

        Plaintiffs,

v.                                    Civil Action No. 2:07-0410

RANDY C. HUFFMAN,
Secretary, West Virginia
Department of Environmental
Protection,

        Defendant.


MEMORANDUM OPINION AND ORDER


        Pending is plaintiffs' motion for an award of
attorneys' fees and costs, filed October 29, 2010.  Plaintiffs
seek a total of $55,827.00 in attorneys' fees and $2,527.80 in
costs.


I. Background


        In June 2007, plaintiffs initiated this citizen suit
under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 through
1387, alleging that the West Virginia Department of Environmental
Protection ("WVDEP") had discharged pollutants from three bond
forfeiture sites without first obtaining the requisite National

Pollutant Discharge Elimination System ("NPDES") permits.  By memorandum opinion and order entered August 24, 2009, the court granted plaintiffs' motion for summary judgment and declaratory and injunctive relief.  See W. Va. Highlands Conservancy, Inc. v. Huffman, 651 F. Supp. 2d 512 (S.D. W. Va. 2009).  In so ruling, the court concluded that plaintiffs' claim was not barred by the Eleventh Amendment and that plaintiffs had established each of the elements of a successful claim under the CWA for the discharge of pollutants without a permit.  Id. at 522, 529.  By judgment order entered August 31, 2010, the court directed Randy C. Huffman, Secretary of the WVDEP ("Secretary"), to apply for and obtain NPDES permits for all sites at issue in this action and to file certain progress reports.

Plaintiffs filed their fee petition on October 29, 2010.  Along with the petition, plaintiffs submitted to the court affidavits in support of the rate and time calculation for the requested award.  A brief summary of the affidavits of plaintiffs' counsel is as follows:

James M. Hecker: Mr. Hecker is the Environmental Enforcement Project Director at Public Justice, a national public interest law firm.  Mr. Hecker joined Public Justice in 1990 and has litigated environmental citizen suits in various states across the country. Mr. Hecker requests a rate of $350 per hour.

Joseph M. Lovett: Mr. Lovett is the founder and

2

Executive Director of the Appalachian Center for the
Economy and the Environment, a non-profit corporation
focusing on complex environmental cases.  Mr. Lovett
has litigated in federal and state courts in West
Virginia, Kentucky, Tennessee, and the District of
Columbia.  He requests a rate of $335 per hour.

Derek O. Teaney: Mr. Teaney is the Senior Attorney at
the Appalachian Center for the Economy and the
Environment.  Mr. Teaney specializes in complex
environmental litigation.  He requests a rate of $215
per hour.

Margaret Janes: Ms. Janes is a paralegal for the
Appalachian Center for the Economy and the Environment.
Ms. Janes requests a rate of $85 per hour.

## II.  Attorneys' Fees

A.  Governing Standard

Courts calculating an award of attorneys' fees in a
fee-shifting case must first determine a lodestar figure by
multiplying the number of reasonable hours expended times a
reasonable rate.  Robinson v. Equifax Info. Servs., LLC, 560 F.3d
235, 243 (4th Cir. 2009) (citing Grissom v. The Mills Corp., 549
F.3d 313, 320 (4th Cir. 2008)).  "The lodestar method produces an
award that roughly approximates the fee that the prevailing
attorney would have received if he or she had been representing a
paying client who was billed by the hour in a comparable case."
Perdue v. Kenny, 130 S. Ct. 1662, 1672 (2010).  In determining
what constitutes a "reasonable" number of hours and their billing

rate, courts consider the following twelve factors identified in

Johnson v. Georgia Highway Express, Inc.:

> (1) the time and labor expended; (2) the novelty and
> difficulty of the questions raised; (3) the skill
> required to properly perform the legal services
> rendered; (4) the attorney's opportunity costs in
> pressing the instant litigation; (5) the customary fee
> for like work; (6) the attorney's expectations at the
> outset of the litigation; (7) the time limitations
> imposed by the client or circumstances; (8) the amount
> in controversy and the results obtained; (9) the
> experience, reputation and ability of the attorney;
> (10) the undesirability of the case within the legal
> community in which the suit arose; (11) the nature and
> length of the professional relationship between
> attorney and client; and (12) attorneys' fees awards in
> similar cases.

Robinson, 560 F.3d at 243-44; see Johnson v. Ga. Highway Express,

Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other

grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989).  After

establishing the lodestar amount, the court may subtract any fees

for time spent on unsuccessful claims unrelated to successful

claims made by the party.  Robinson, 560 F.3d at 244.

        When calculating reasonable fees, establishing the

hourly rate is generally the critical inquiry.  Westmoreland Coal

Co. v. Cox, 602 F.3d 276, 289 (4th Cir. 2010) (quoting Plyler v.

Evatt, 902 F.2d 273, 277 (4th Cir. 1990) (internal citations and

quotation marks omitted)).  The fee applicant bears the burden of

establishing the reasonableness of the requested rate.  Id.

4

> In addition to the attorney's own affidavits, the fee
> applicant must produce satisfactory specific evidence
> of the prevailing market rates in the relevant
> community for the type of work for which he seeks an
> award.  Although the determination of a "market rate"
> in the legal profession is inherently problematic, as
> wide variations in skill and reputation render the
> usual laws of supply and demand largely inapplicable,
> the Court has nonetheless emphasized that market rate
> should guide the fee inquiry.

Id. (quoting Plyler, 902 F.2d at 277 (internal citations and

quotations omitted)).  In determining the market rate, the court

should consider evidence of what attorneys can earn for

performing similar services in similar circumstances, "which, of

course, may include evidence of what the plaintiff's attorney

actually charged his client."  Id. (quoting Depaoli v. Vacation

Sales Assocs., L.L.C., 489 F.3d 615, 622 (4th Cir. 2007)).

Examples of the specific evidence that courts have found

"sufficient to verify the prevailing market rates are affidavits

of other local lawyers who are familiar with both the skills of

the fee applicants and more generally with the type of work in

the relevant community."  Id. (quoting Robinson, 560 F.3d at

245).

B.   Calculating the Lodestar Amount

        Plaintiffs seek fees for work performed by three

attorneys and one paralegal.  Plaintiffs request a lodestar award

5

as follows:

| TIMEKEEPER | RATE | HOURS | LODESTAR |
|---|---|---|---|
| James M. Hecker, attorney | $350 | 110.40 | $38,640.00 |
| Joseph M. Lovett, attorney | $335 | 30.75 | $10,301.25 |
| Derek O. Teaney, attorney | $215 | 30.05 | $6,460.75 |
| Margaret Janes, paralegal | $85 | 5.00 | $425.00 |
| TOTAL | | 176.20 | $55,827.00 |

In support of these figures, plaintiffs' counsel has provided the court with time sheets summarizing the number of hours billed along with brief descriptions of the work performed.  (Pls.' Mem. in Supp. Exs. 1-3).

In his response to plaintiffs' fee petition, the Secretary does not object to plaintiffs' "itemization of expenses, hour rates or hours."  (Def.'s Resp. at 1).  Instead, he contends that much of the time billed on the timesheets was billed by the wrong timekeepers, meaning that the timekeepers were, according to the Secretary, over-qualified for the nature of the work being performed.  (Id. at 1-2).  Specifically, the Secretary identifies the 52.15 hours Mr. Hecker spent working on discovery matters and the 34 hours he spent preparing a motion for summary judgment as "litigation tasks more properly and efficiently performed by an attorney or paralegal possessing far

less skill." (Id. at 1).  Accordingly, the Secretary proposes that 35 of the 52.15 hours of discovery time and 25 of the 34 hours allocated to preparing the summary judgment motion be compensated at the hourly rate charged by Mr. Teaney ($215) rather than that charged by Mr. Hecker ($350).  Such rates would, according to the Secretary, result in an award of attorneys' fees of $50,254.80.

The court has reviewed each of the Secretary's specific objections on this score and, under the circumstances here, finds them lacking in merit.  To begin, the Secretary's contention is predicated on "the erroneous assumption that a single, correct staffing pattern exists within every law firm for every lawsuit." Spell v. McDaniel, 616 F. Supp. 1069, 1096 (E.D.N.C. 1985), rev'd in part on other grounds, 824 F.2d 1380 (4th Cir. 1987).  As noted by plaintiffs in their reply memorandum, Mr. Hecker is a public interest attorney with Public Justice, located in Washington, D.C.  He is allied as counsel in this case with a small public interest law firm located in Lewisburg, West Virginia, that is headed by Mr. Lovett.  Although such a staffing model may at times require experienced attorneys to perform a range of legal tasks, it nevertheless promotes cost-effective billing by allocating responsibility to those who perform these

7

tasks most efficiently.

Further, the billing records demonstrate that Mr. Hecker spent little if any time conducting tasks more commonly performed by attorneys with less experience. For instance, of the 52.15 hours of discovery work conducted by Mr. Hecker, only 4.75 hours were spent preparing Rule 26(a)(1) disclosures, preparing written discovery requests, or defending depositions of standing witnesses, all tasks the Secretary contends should have been performed by less experienced counsel. (Pls.' Reply Ex. 1 ¶ 6). The remaining discovery time was primarily and necessarily spent by skilled counsel reviewing key documents produced by the defendant and attending the deposition of the defendant's Rule 30(b)(6) representative. (Pls.' Mem. in Supp. Ex. A at 2-3). Nor does it appear that Mr. Hecker spent an inordinate amount of time preparing plaintiffs' motion for summary judgment. That motion went to the heart of the case and raised issues of first impression, resulting in a lengthy, published opinion by the court. Given the novelty and difficulty of the questions raised therein, it was not unreasonable for plaintiffs' counsel to place primary responsibility for drafting the motion in the hands of the most experienced attorney.

Accordingly, the court finds that Mr. Hecker was not

8

over-qualified for the work he performed and that his experience
and ability merit a fee award of $350 per hour.  Inasmuch as the
Secretary does not object to the remaining rates, the court
awards a rate of $335 per hour for work performed by Mr. Lovett,
$215 per hour for work performed by Mr. Teaney, and $85 per hour
for paralegal work in this case.  And, inasmuch further as the
Secretary does not object to the number of hours, the court finds
that the total number of hours requested by plaintiffs (176.20)
is reasonable.  Accordingly, the lodestar amount based on the
reasonable rates of compensation multiplied by the reasonable
number of hours expended is as follows:

| TIMEKEEPER | RATE | HOURS | LODESTAR |
|---|---|---|---|
| James M. Hecker, attorney | $350 | 110.40 | $38,640.00 |
| Joseph M. Lovett, attorney | $335 | 30.75 | $10,301.25 |
| Derek O. Teaney, attorney | $215 | 30.05 | $6,460.75 |
| Margaret Janes, paralegal | $85 | 5.00 | $425.00 |
| TOTAL | | 176.20 | $55,827.00 |

        Inasmuch as the Secretary has offered no reason to
further adjust the lodestar amount, the court awards plaintiff
the lodestar amount set forth above, $55,827.00, in attorneys'
fees.

### III. Costs

The parties do not dispute that plaintiffs are entitled to the recovery of costs, nor does the defendant contend that plaintiffs' requested costs are unreasonable. The costs requested by plaintiffs are as follows:

| REQUESTED COSTS | |
|---|---|
| Complaint Filing Fee | $350.00 |
| Pro Hac Vice Fee | $300.00 |
| Deposition Transcript | $735.00 |
| Travel Expenses | $410.23 |
| Legal Research | $732.57 |
| TOTAL | $2,527.80 |

Inasmuch as the Secretary has no objection to these figures, the court awards plaintiffs costs in the requested amount of $2,527.80.

### IV.

Based upon the foregoing, the court AWARDS a total of $55,827.00 in fees and $2,527.80 in costs, resulting in a total award of $58,354.80.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: January 10, 2011

John T. Copenhaver, Jr.
United States District Judge